### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRYAN HORAN | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:08-CV-00663 (SRU) |
| V. | : | |
| | : | |
| REEBOK INTERNATIONAL LTD | : | |
| | : | |
| Defendant. | : | AUGUST 13, 2008 |

### SUBSTITUTED COMPLAINT

**PARTIES**

1.      Plaintiff Bryan Horan ("Horan") is a lifelong resident of the State of Connecticut,

now residing at 24 Morgan Place, Unionville, Connecticut.

2.      At all times pertinent hereto, defendant Reebok International Ltd ("Reebok") was

and is a Massachusetts corporation with its principal place of business in Canton, Massachusetts.

**JURISDICTION AND VENUE**

3.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.      Subject matter jurisdiction over this action exists by reason of diversity of

citizenship.  28 U.S.C. § 1332.

5.      Venue is proper in the District of Connecticut because the plaintiff resides in this

district, and at all pertinent times the defendants have conducted business in the State of

Connecticut.

**COUNT ONE – STRICT PRODUCTS LIABILITY** – CPLA, Conn. Gen. Stat. § 52-572m *et seq*.

6.      In or around the fall of 2006 through the winter of 2007 (the "Hockey Season"), Horan was a member of the Providence College Men's Ice Hockey Team (the "Providence College Hockey Team").

7.      Providence College issued a JOFA Face Mask (the "Face Mask") to Horan, which he was required to use.  The Face Mask , also known as a "cage," was comprised of vertical and horizontal bars and was attached to a helmet.

8.      During the Hockey Season, Horan wore the Face Mask as required by the NCAA Regulations during the Hockey Season.

9.      On or about February 23, 2007, while playing in a Providence College Hockey Team game against the University of New Hampshire Men's Hockey Team, Horan suffered serious and permanent traumatic injuries to his eye when the butt end of a stick carried by an opposing player went through an opening in the Face Mask and struck his face and eye.

10.      As a result, Horan was hospitalized and continues to receive treatment for said injuries and trauma.

11.      The injuries and trauma sustained by Horan produced serious, permanent and debilitating injuries to his vision, health, strength and activity, and caused Horan to suffer and continue to suffer from extreme mental anxiety and physical pain.

12.      Reebok by itself and/or through one of its subsidiaries (collectively the "Defendants") are liable and legally responsible for Horan's injuries, damages, and increased injury risks by virtue of the Connecticut Products Liability Act, Conn. Gen. Stat. § 52-572m, *et seq.*, ("CPLA").

13.     The Defendants by themselves and/or through one their owned subsidiaries designed, manufactured, supplied, distributed and/or sold the Face Mask, thereby placing their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits with the design of the product when used as intended by Defendants. Namely, the Defendants' Face Mask, as designed and manufactured, did not and could not prevent the butt end of a hockey stick from entering the Face Mask through its many openings exposing users of said Face Mask to injury and trauma such as that suffered by Horan.

14.     At all times pertinent hereto, the Defendants were product sellers within the meaning of Conn. Gen. Stat. § 52-572m *et seq.*, and are liable to Horan pursuant to Conn. Gen. Stat. § 52-572m.*et seq.*

15.     The Defendants expected the Face Mask to reach consumers without substantial change in the condition in which it was designed, manufactured, distributed and/or sold and the Face Mask did in fact reach the consumer (Horan) in the condition in which it was designed, manufactured, distributed and/or sold.

16.     As a direct and proximate result of one or more of the foregoing violations by the Defendants of CPLA, Conn. Gen. Stat. § 52-572 *et seq.*, the injuries, losses and damages sustained by Horan required, and in the future may require further medical care and treatment. These injuries have caused, and will continue to cause, extensive pain and suffering, emotional distress, and have substantially reduced Horan's ability to enjoy life.  Some or all of said injuries and losses are or may be permanent in nature.

Case 3:08-cv-00663-SRU   Document 22   Filed 08/13/08   Page 4 of 7
17.     As a further result of the foregoing, Horan has incurred economic losses, including, but not limited to an impairment of his earning capacity, and he will continue to incur such losses in the future.

18.     This action is brought as a product liability claim pursuant to Conn. Gen. Stat. § 52-572m *et seq.*

**COUNT TWO – PUNITIVE DAMAGES** – CPLA, Conn. Gen. Stat. § 52-572m *et seq.*

1-19    Plaintiff incorporates by reference paragraphs 1 through 18 of Count One of this Complaint as if fully set forth herein at length and further alleges:

20.     Plaintiff is entitled to punitive damages because Defendants' design, manufacture, distribution and/or sale of the Face Mask in a defective condition was reckless and without regard for public safety and welfare.

21.     Defendants were or should have been aware and/or in possession of evidence demonstrating that the design of the Face Mask was unreasonably dangerous to consumers.

22.     Defendants advertised and sold its product as a means of preventing injuries to the face, particularly the eyes, of hockey players using said product even though it knew or should have known about the unreasonably dangerous nature of its product.

23.     Defendants' actions described above were performed willfully, intentionally, and with reckless disregard for the rights of Horan and the public.

24.     One or more of the aforesaid violations by Defendants of CPLA, Conn. Gen. Stat. § 52-572m *et seq.*, were committed by Defendants with reckless disregard for the safety of the public and of Horan as a product user, and in consequence of this reckless disregard, Horan is entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bryan Horan requests that the Court grant the following relief on his behalf against Defendants on all counts of the Complaint:

a.  To be awarded a money damage judgment against Defendants, jointly and severally;

b.  To be awarded full, fair, and complete compensation under Conn. Gen. Stat. § 52-572m *et seq*.;

c.  To be awarded punitive damages under Conn. Gen. Stat. § 52-572m *et seq* against Defendants.

d.  To be awarded multiple damages, all appropriate costs, attorneys' fees, expenses and pre- and post-judgment interest authorized by law on the judgments which enter in his behalf;

e.  To be awarded such other relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff, Bryan Horan hereby demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury of all issues so triable in the plaintiff's complaint.

6

Dated in Hartford, Connecticut this 13th day of August, 2008.

PLAINTIFF

BRYAN HORAN


By___/s/ Adam T. Boston_____
    David Thomas Ryan (ct05713)
    Hiram B. Carey III (ct09241)
    Adam T. Boston (ct27320)
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically on August 13, 2008.

Notice of this filing shall be sent by E-mail to all parties by operation of the Court's electronic

filing system and parties may access this filing through the Court's system.

   /s/ Adam T. Boston

Adam T. Boston
